No. 830 September 24, 2025 573

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN LEVI RUSSELL,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR39932; A182710

Ann M. Lininger, Judge.

Submitted June 24, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for unlawful possession of a controlled substance and second-degree criminal mischief, entered following a conditional guilty plea. He assigns error to the denial of his motion to suppress evidence resulting from, he argues, an illegal arrest. The question presented in this case is whether an arrest warrant issued by a municipal court may be lawfully executed outside the territorial jurisdiction of the municipality. We conclude that it may and affirm.

The pertinent facts are undisputed. Defendant was charged with four misdemeanors for failure to appear in the Molalla Municipal Court on four counts of criminal trespass. When he later did not show up for a hearing on the failure-to-appear misdemeanors, the municipal court issued four arrest warrants. Each warrant states that "any peace officer in the state of Oregon" was "commanded to arrest *** defendant." Several days later, defendant was arrested by an Oregon City police officer pursuant to those warrants, in Oregon City, which is outside the geographic boundaries of the City of Molalla. Defendant was searched incident to that arrest and found in possession of controlled substances, and he later damaged the inside of a patrol car. As a result, defendant was charged with one count of unlawful possession of a controlled substance, ORS 475.752(8)(a), and one count of second-degree criminal mischief, ORS 164.354.[1]

Before his trial on those additional charges, defendant moved to suppress the evidence resulting from his arrest. He argued that the evidence was the product of an unlawful arrest because a municipal court judge's authority extends only as far as the bounds of the municipality, and so an arrest warrant issued by the Molalla municipal court may not be executed outside those bounds. The trial court denied defendant's motion, concluding that the arrest warrants were valid and that no statutory or constitutional provision limits the execution of a valid arrest warrant issued by a municipal judge to the geographic bounds of the

---

[1] It was undisputed that the only evidence supporting the additional charges resulted from that arrest, and there was no independent probable cause to arrest defendant, that is, the warrants were the only authority for the arrest.

municipality. Defendant then entered a conditional plea, reserving his right to challenge that suppression ruling. He renews his arguments on appeal.

It is undisputed that the Molalla municipal court had jurisdiction over the misdemeanor charges for failure to appear, which were based on defendant's failure to appear at the municipal court in the city of Molalla. ORS 221.339(2) (municipal courts have concurrent jurisdiction with circuit courts "over misdemeanors committed or triable in the city"). Nor is there any dispute that the municipal court had statutory authority to issue warrants for defendant's arrest. ORS 133.120(1) ("[municipal judges] may issue a warrant for any crime committed or triable within the territorial jurisdiction of the [municipal judge's] court").

Rather, the dispute centers on whether those warrants could be validly executed outside the territorial jurisdiction of the Molalla municipal court. So framed, defendant's arguments present a question of statutory interpretation, and we apply our usual statutory construction methodology as outlined in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), considering the text of the statute, in context, along with any helpful legislative history to "give effect to the intent of the legislature." *State v. Giron-Cortez*, 372 Or 729, 736, 557 P3d 505 (2024).

Like circuit court judges, municipal judges are "magistrates."[2] ORS 133.030(5). "A magistrate is an officer having power to issue a warrant for the arrest of a person charged with the commission of a crime." ORS 133.020. Magistrates may issue an arrest warrant for misdemeanors committed within the territorial jurisdiction of their courts. ORS 133.120(1); ORS 221.339(2). The requirements for a valid arrest warrant are, in turn, also defined by statute:

"A warrant of arrest shall:

"(1)   Be in writing;

"(2)   Specify the name of the person to be arrested * * * ;

"(3)   State the nature of the crime;

_____

[2] As are judges of the Supreme Court and the Court of Appeals, as well as county judges and justices of the peace. ORS 133.030(1)-(4).

"(4)    State the date when issued and the county or city where issued;

"(5)    Be in the name of the State of Oregon or the city where issued, be signed by and bear the title of the office of the magistrate having authority to issue a warrant for the crime charged;

"(6)    Command any peace officer *** to arrest the person for whom the warrant was issued and to bring the person before the magistrate issuing the warrant, or if the magistrate is absent or unable to act, before the nearest or most accessible magistrate in the same county;

"(7)    Specify that the arresting officer may enter premises, in which the officer has probable cause to believe the person to be arrested to be present, without giving notice of the officer's authority and purpose, if the issuing judge has approved a request for such special authorization; and

"(8)    Specify the amount of security for release."

ORS 133.140. As relevant here, subsection (6) of that statute sets out the requirement that an arrest warrant state a "[c]ommand," which is addressed to "*any* peace officer" instructing them "to arrest the person for whom the warrant was issued." (Emphasis added.) The requirements articulated in ORS 133.140(1) to (8), including the one in subparagraph (6), apply to every "warrant of arrest," making no distinction as to the issuing magistrate. As such, the text of the statute indicates that its requirements apply equally to arrest warrants issued by municipal court judges and arrest warrants issued by any other magistrate specified in ORS 133.030.

The legal authority for a peace officer to seize a person "under a warrant," is provided, in turn, by ORS 133.220(1). The legislature also specified the manner of making an arrest: a peace officer may make an arrest, even without a warrant, "whether or not [the] crime was committed within the geographical area of [the] peace officer's employment, and the peace officer may make such arrest within the state, regardless of the situs of the offense." ORS 133.235(2). When read together with the provision discussed above, that a warrant must "command any peace officer *** to arrest the person for whom the warrant was issued," the plain text indicates that once a peace officer is commanded to arrest someone pursuant

to a warrant, there is no jurisdictional limitation on his or her ability to arrest that person within the state. ORS 133.140(6). We thus conclude that the statutory text authorizing municipal judges to issue arrest warrants, when read together with related statutory provisions concerning the requirements for and the execution of arrest warrants, provides statutory authority for the arrest of a person outside the territorial boundaries of a municipal judge's jurisdiction.

Related statutory context supports our conclusion. When the legislature has intended to limit the reach of a warrant issued by a magistrate judge, it has done so expressly. In ORS 133.545(1), the legislature opted to limit execution of *search* warrants issued by municipal judges: "[a] search warrant issued by a municipal judge * * * *may be executed only in the municipality in which the court is located*." (Emphasis added.) The fact that no such limitation applies to arrest warrants suggests that the legislature intended that a municipal judge's *arrest* warrants may be executed statewide, no differently than any other arrest warrant.

We are unpersuaded by defendant's argument that the City of Molalla arrest warrants commanding "any peace officer in the state of Oregon" to arrest him outside the boundaries of the municipality is legally valid only if state statute authorized it. Stated simply, state statute does authorize it. In support of the opposite conclusion, defendant points to ORS 133.140(5), which states that arrest warrants "[b]e in the name of the State of Oregon or the city where issued[.]" According to defendant, that language means that there is a legally significant distinction between arrest warrants issued by municipal judges, which contain the name of the city where issued, and those issued by other magistrates whose commands are in the name of the State. However, each of the requirements articulated in ORS 133.140(1) to (8), including the requirement in subsection (5), applies to "a warrant of arrest" generally, regardless of who issued it. And, when read in full, ORS 133.140(5) itself points only to the fact that a warrant should contain a statement stating authority for issuing the warrant, making no distinction as to the magistrate who issues an arrest warrant. That subsection states that a warrant shall "[b]e in the name of the

State of Oregon or the city where issued, be signed by and bear the title of the office of the magistrate having authority to issue a warrant for the crime charged[.]" As discussed earlier, those magistrates are defined by statute, ORS 133.030, and each has the power to issue arrest warrants. The only jurisdictional limit on that authority—which also applies equally to all magistrates—is that the warrant may issue only for "crime[s] committed or triable within the territorial jurisdiction of the magistrate's court." ORS 133.120(1).

Moreover, the relevant legislative history squarely contradicts defendant's argument that arrest warrants issued by municipal judges may only be executed within the territorial boundaries of the municipality. In 1977, the legislature amended ORS 133.030 to add "municipal judges" to the list of persons who are magistrates. Or Laws 1977, ch 746, § 1. At the same time, it amended ORS 133.120 to permit the issuance of a warrant for any offense committed or triable within "the territorial jurisdiction of the magistrate's court," deleting the previous reference to an offense committed or triable "within [the magistrate's] county." *Id.* § 2. And, it amended ORS 133.140 to add the language defendant identified as legally significant—that an arrest warrant may be in the name of "the city where issued[.]" *Id.* § 3. The proponents of the bill explained that the purpose of those amendments was to "grant to *all* municipal judges *statewide* warrant and subpoena power." Exhibit 5, Senate Committee on Judiciary, SB 906, Apr 4, 1977 (accompanying statement of Stephen Rhodes on behalf of Oregon Municipal Judges Association).[3]

We therefore conclude that the trial court did not err when it determined that defendant was lawfully arrested in Oregon City pursuant to an arrest warrant issued by the Molalla municipal court. And, because the sole basis for defendant motion to suppress was that his arrest warrant was unlawfully executed, it follows that the trial court did not err when it denied defendant's motion.

Affirmed.

---

[3] Previously, the only municipal officers with statewide warrant and subpoena powers were those authorized by special legislative charters to exercise the powers of a justice of the peace. *Id.* After the passage of the home rule amendment to the Oregon constitution, the legislature no longer granted those powers to city and municipal officials. *Id.; cf. Grayson; Heer v. State*, 249 Or 92, 94-95, 100, 436 P2d 261 (1968).